UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TALFORD MCCREE,

       **Plaintiff,**

v.

       CASE NO.: 8:14cv170 33AEp

NCO FINANCIAL SYSTEMS,
INC.,
NATIONAL CREDIT
ADJUSTERS, LLC, and
CRITICAL RESOLUTION
MEDIATION, LLC,

**VERIFIED COMPLAINT FOR
UNLAWFUL COLLECTION
PRACTICES**

       **Defendants.**

**JURY TRIAL DEMANDED**

_____/

## VERIFIED COMPLAINT

Plaintiff Talford McCree, by and through undersigned counsel, sues NCO Financial Systems, Inc., National Credit Adjusters, LLC, and Critical Resolution Mediation, LLC, and states as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ( "FDCPA"), Fla. Stat. § 559.55 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

1

## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.*, and the federal TCPA, 47 U.S.C. § 227 *et seq.*  Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4       Plaintiff Talford McCree ("Plaintiff" or "McCree") is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5.      Defendant NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation, does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

6.      Defendant National Credit Adjusters, LLC ("NCA"), is a Kansas limited liability company, does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7.      Defendant Critical Resolution Mediation, LLC ("CRM") (collectively with NCO and NCA, "Defendants"), is a Georgia limited liability company, does business in the State of

2

Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

8.       The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

### FACTUAL ALLEGATIONS

9.       Plaintiff is alleged to owe a debt for a defaulted payday loan (the "Debt").  Upon Plaintiff's default, the original creditor of the payday loan sent the Debt to Defendants to collect from Plaintiff.

10.       Defendants attempted to collect the Debt from Plaintiff from approximately February to April 2013.

11.       Defendants called Plaintiff on his cellular telephone attempting to collect the Debt.

12.       Plaintiff informed Defendants that he was unable to pay the Debt because he had recently become unemployed.  Nonetheless, Defendants continued attempting to collect the Debt from Plaintiff.

13.       Further, Plaintiff instructed Defendant to stop calling him to collect the Debt. Nonetheless, Defendants continued attempting to collect the Debt from Plaintiff.

14.     Defendants each telephoned him two times per day, three days per week to collect the Debt after Plaintiff informed Defendants that he could not pay the Debt and after Plaintiff instructed Defendants to stop calling him.

15.     Further, CRM engaged in additional harassing conduct.

16.     CRM called a friend of Plaintiff and told that friend that Plaintiff's driver's license would be suspended for failure to pay the Debt.

17.     Further, Defendant CRM repeatedly falsely stated or implied that a lawsuit was pending against Plaintiff related to the Debt when one was not.

18.     CRM told Plaintiff that he would be served with a lawsuit at his house and to make sure to be home.  Plaintiff was never served with any lawsuit and no lawsuit is pending against him in Hillsborough County.  CRM also told Plaintiff that CRM could go into Plaintiff's bank account and take his money without Plaintiff's permission.

19.     Further, CRM left numerous voice messages stating, among other things, that it was calling about a "claim filed against you" and that Plaintiff had engaged in a "willful misrepresentation" about the Debt, and that, if Plaintiff did not return the call, Defendant would "seek other remedies" against Plaintiff.

20.     Based on the conduct described above, Defendants violated the FDCPA, FCCPA, and the TCPA.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT NCO

21.     This is an action against Defendant NCO for violations of 15 U.S.C. § 1692 *et seq*.

22.     Plaintiff realllege and reincorporate paragraphs 1 through 20, as if fully set forth herein.

23.     NCO, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

24.     The principal business of NCO is the collection of debts and NCO regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, NCO is a "debt collector" under 15 U.S.C. § 1692a(6).

25.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily personal, family, or household purposes.

26.     Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

28.     Defendant NCO violated the above sections of the FDCPA when NCO: (1) repeatedly telephoned Plaintiff two times per day, three days per week from February to April 2013 to collect the Debt after Plaintiff informed NCO that he could not pay the Debt due to his

unemployment and after Plaintiff instructed NCO to stop calling him; (2) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

29.    As a result of NCO's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

30.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that NCO has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

<u>**COUNT II**</u>

<u>**VIOLATION OF THE FCCPA BY DEFENDANT NCO**</u>

31.    This is an action against NCO for violation of Fla. Stat. § 559.55 *et seq*.

32.    Plaintiff re-allege and incorporate paragraphs 1 through 20, as if fully set forth herein.

33.    NCO is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

34.    The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

6

35.     NCO communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

36.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

37.     Defendant NCO violated the above sections of the FCCPA when NCO: (1) repeatedly telephoned Plaintiff two times per day, three days per week from February to April 2013 to collect the Debt after Plaintiff informed NCO that he could not pay the Debt due to his unemployment and after Plaintiff instructed NCO to stop calling him; (2) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

38.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

39.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, NCO is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

40.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the NCO as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

41.     Each telephone call, or other communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.   Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against NCO, finding that NCO violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

**COUNT III**

**VIOLATION OF THE TCPA BY DEFENDANT NCO**

42.     This is an action against NCO for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

43.     Plaintiff re-alleges and reincorporate paragraphs 1 through 20, as if fully set forth here-in.

44.     NCO, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

45.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

46.    NCO violated 47 U.S.C. § 227(b)(1)(A)(iii) when NCO placed calls to Plaintiff's cell phone two times per day, three days per week from February to April 2013, without Plaintiff's express consent using an automatic telephone dialing system.

47.    NCO willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told NCO that NCO did not have permission to call Plaintiff's cell phone.

48.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

49.    As a result of the above violation of the TCPA, NCO is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

50.    Based upon the willful, knowingly, and intentional conduct of the NCO as described above, Plaintiff are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against NCO: (1) finding Defendant NCO violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding NCO willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FDCPA BY DEFENDANT NCA

51.     This is an action against Defendant NCA for violations of 15 U.S.C. § 1692 *et*
*seq.*

52.     Plaintiff reallege and reincorporate paragraphs 1 through 20, as if fully set forth
herein.

53.     NCA, in the conduct of its business, uses one or more instrumentalities of
interstate commerce or the mails, including, without limitation, electronic communication to
communicate with Plaintiff.

54.     The principal business of NCA is the collection of debts and NCA regularly
attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due
another. Thus, NCA is a "debt collector" under 15 U.S.C. § 1692a(6).

55.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily
personal, family, or household purposes.

56.     Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt.

57.     Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt.

58.     Defendant NCA violated the above sections of the FDCPA when NCA: (1)
repeatedly telephoned Plaintiff two times per day, three day per week from February to April

2013 to collect the Debt after Plaintiff informed NCA that he could not pay the Debt due to his unemployment and after Plaintiff instructed NCA to stop calling him; (2) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

59.     As a result of NCA's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);  (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

60.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that NCA has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCCPA BY DEFENDANT NCA

61.     This is an action against NCA for violation of Fla. Stat. § 559.55 *et seq*.

62.     Plaintiff re-allege and incorporate paragraphs 1 through 20, as if fully set forth herein.

63.     NCA is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

64.     The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

65.     NCA communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

66.     Fla. Stat. § 559.72 provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7)  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) . . . assert the existence of some other legal right when such person knows that the right does not exist

67.     Defendant NCA violated the above sections of the FCCPA when NCA: (1) repeatedly telephoned Plaintiff two times per day, three days per week from February to April 2013 to collect the Debt after Plaintiff informed NCA that he could not pay the Debt due to his unemployment and after Plaintiff instructed NCA to stop calling him; (2) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

68.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

69.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, NCA is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

12

70.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the NCA as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

71.     Each telephone call, or other communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against NCA, finding that NCA violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VI

## VIOLATION OF THE TCPA BY DEFENDANT NCA

72.     This is an action against NCA for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

73.     Plaintiff re-alleges and reincorporate paragraphs 1 through 20, as if fully set forth here-in.

74.     NCA, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

75.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

76.     NCA violated 47 U.S.C. § 227(b)(1)(A)(iii) when NCA placed calls to Plaintiff's cell phone two times per day, three days per week from February to April 2013, without Plaintiff's express consent using an automatic telephone dialing system.

77.     NCA willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told NCA that NCA did not have permission to call Plaintiff's cell phone.

78.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

79.     As a result of the above violation of the TCPA, NCA is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

80.     Based upon the willful, knowingly, and intentional conduct of the NCA as described above, Plaintiff are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against NCA: (1) finding Defendant NCA violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding NCA willfully, knowingly and intentionally violated the TCPA and increasing the damages award to

14

treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VII

## VIOLATION OF THE FDCPA BY DEFENDANT CRM

81.     This is an action against Defendant CRM for violations of 15 U.S.C. § 1692 *et seq.*

82.     Plaintiff realleges and reincorporate paragraphs 1 through 20, as if fully set forth herein.

83.     CRM, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

84.     The principal business of CRM is the collection of debts and CRM regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Thus, CRM is a "debt collector" under 15 U.S.C. § 1692a(6).

85.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily personal, family, or household purposes.

86.     Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692b

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (2) not state that such consumer owes any debt;

15

## 15 U.S.C. § 1692c(b)

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

## 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

## 15 U.S.C. §1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## 15 U.S.C. §1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87.     Defendant CRM violated the above sections of the FDCPA when CRM: (1) repeatedly telephoned Plaintiff two times per day, three days per week from February to April 2013 to collect the Debt after Plaintiff informed CRM that he could not pay the Debt due to his unemployment and after Plaintiff instructed CRM to stop calling him; (2) told Plaintiff's friend that Plaintiff's driver's license would be suspended if he did not pay the Debt, which is disclosure to a third party that Plaintiff owes a debt and is a misrepresentation of the law; (3) falsely stated and implied that CRM sued Plaintiff when it had not when CRM told Plaintiff that he would be served with a lawsuit at his house and to make sure to be home, leaving messages stating that it was calling about a "claim filed against you" and that Plaintiff had engaged in a "willful misrepresentation" about the Debt, and that, if Plaintiff did not return the call, Defendant would "seek other remedies" against Plaintiff; (4) falsely stating that CRM could go into Plaintiff's bank account and take his money without Plaintiff's permission; and (5) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

88.     As a result of CRM's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);  (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

89.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that CRM has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VIII

## VIOLATION OF THE FCCPA BY DEFENDANT CRM

90.    This is an action against CRM for violation of Fla. Stat. § 559.55 *et seq*.

91.    Plaintiff re-allege and incorporate paragraphs 1 through 20, as if fully set forth herein.

92.    CRM is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

93.    The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

94.    CRM communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

95.    Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(5)   Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

(7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

96.     Defendant CRM violated the above sections of the FCCPA when CRM: (1) repeatedly telephoned Plaintiff two times per day, three days per week from February to April 2013 to collect the Debt after Plaintiff informed CRM that he could not pay the Debt due to his unemployment and after Plaintiff instructed CRM to stop calling him; (2) told Plaintiff's friend that Plaintiff's driver's license would be suspended if he did not pay the Debt, which is disclosure to a third party that Plaintiff owes a debt and is a misrepresentation of the law; (3) falsely stated and implied that CRM sued Plaintiff when it had not when CRM told Plaintiff that he would be served with a lawsuit at his house and to make sure to be home, leaving messages stating that it was calling about a "claim filed against you" and that Plaintiff had engaged in a "willful misrepresentation" about the Debt, and that, if Plaintiff did not return the call, Defendant would "seek other remedies" against Plaintiff; (4) falsely stating that CRM could go into Plaintiff's bank account and take his money without Plaintiff's permission; and (5) telephoned Plaintiff on his cellular telephone without Plaintiff's consent using an automated dialer, in violation of the TCPA.

97.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

98.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, CRM is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

99.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the CRM as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

100.    Each telephone call, or other communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an

award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against CRM, finding that CRM violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

<u>**COUNT IX**</u>

<u>**VIOLATION OF THE TCPA BY DEFENDANT CRM**</u>

101.    This is an action against CRM for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

102.    Plaintiff re-alleges and reincorporate paragraphs 1 through 20, as if fully set forth here-in.

103.    CRM, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

104.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

105.    CRM violated 47 U.S.C. § 227(b)(1)(A)(iii) when CRM placed calls to Plaintiff's cell phone two times per day, three days per week from February to April 2013, without Plaintiff's express consent using an automatic telephone dialing system.

106.    CRM willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told CRM that CRM did not have permission to call Plaintiff's cell phone.

107.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

108.    As a result of the above violation of the TCPA, CRM is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

109.    Based upon the willful, knowingly, and intentional conduct of the CRM as described above, Plaintiff are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against CRM: (1) finding Defendant CRM violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding CRM willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.   U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated:  January 23, 2014                          Respectfully Submitted,

                                                  **CENTRONE & SHRADER, LLC**
                                                  1710 N. 19th Street, Suite 205
                                                  Tampa, Florida 33605
                                                  Phone:  (813) 360-1529
                                                  Fax:     (813) 336-0832


                                                  _____
                                                  **GUS M. CENTRONE, ESQ.**
                                                  Florida Bar No. 30151
                                                  e-mail: gcentrone@centroneshrader.com
                                                  **BRIAN L. SHRADER, ESQ.**
                                                  Florida Bar No. 57251
                                                  e-mail: bshrader@centroneshrader.com
                                                  Attorneys for Plaintiff

22

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, <u>TALFORD MCCREE</u>

I, Talford McCree, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1.     I am a Plaintiff in this civil proceeding.

2.     I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


_____                    _____
Talford McCree                                                        Date